United States District Court
Southern District of Texas
**ENTERED**
July 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GUADALUPE  HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-00359 |
| | § | |
| JONI  WHITE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This matter has been referred to the undersigned by the U.S. District Court pursuant to 28 U.S.C. § 636(b)(3) for an evaluation and recommended disposition of this pro se plaintiff's late-release-from-custody claim.   For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that Defendant's motion for summary judgment (Dkt. No. 21) be **GRANTED** on the grounds that the statute of limitations bars Plaintiff's claim.

I.      Background

This case stands or falls on the question of whether the statute of limitations bars Plaintiff's claims.   The crucial inquiry is when Mr. Hernandez became aware of the harms he alleges.   After extensive examination of this issue and development of the record with the parties, the Court now enters these findings of fact and conclusions of law.

For the second time, Mr. Hernandez sues various Texas state government officials under 42 U.S.C. § 1983 for releasing him from prison too late.   The first suit alleged an improper calculation of his sentence; this suit concedes proper calculation, but claims the calculation was

disregarded.[1]  *Compare* (Prior Dkt. No. 1) *with* (Dkt. No. 1).  It is undisputed that officials of the Texas Department of Criminal Justice released Hernandez from prison on December 14, 2012, when his release date should have been December 11, 2012.  (Dkt. Nos. 1, 21, 32, 34).  The prior lawsuit came to a close when the District Court, finding that the defendants named in that action had no causal connection to the allegations Hernandez raised in his complaint, granted summary judgment for the defendants.  (Prior Dkt. No. 48).

For the second lawsuit—this one—Hernandez named a different defendant: Joni White of the Texas Department of Criminal Justice Correctional Institutions Division (Dkt. No. 1).[2]  He filed his complaint on December 21, 2016.  (Dkt. No. 1).  White filed her first motion to dismiss on June 27, 2017, positing that the statute of limitations bars Plaintiff's suit. (Dkt. No. 5).  After two rounds of supplemental briefing, *see* (Dkt. Nos. 15, 19, 21, 24-26, 28-34), the record has now been developed with substantial information showing what information was communicated to Hernandez regarding his incarceration, and when.

White argues, first, that Hernandez's claim is time-barred because the statute of limitations for personal injury actions in Texas—which federal law adopts for purposes of § 1983 litigation in this state—is two years; and second, that Hernandez became aware of the injury at issue here on or before December 20, 2014.

Hernandez, by contrast, seeks to avoid the statute of limitations by arguing that the complaint in this case should "relate back" to the date of his complaint in the prior suit under

---

[1]  *Guadalupe Hernandez v. the State of Tex. Bd. of Pardons and Parole Chairperson Rissie Owens*, Case No. 5:17-cv-00090 (S.D. Tex. filed June 30, 2014).  Citations to entries on the docket in that prior case will read "Prior Dkt. No.," while citations to the docket in this instant case will read "Dkt. No."

[2]  Plaintiff has since named two additional defendants.  The Court expresses no opinion on whether their joinder was proper and need not reach that question in this Report and Recommendation.

Rule 15(c).  He stresses that the allegations arise out of the same conduct, transaction, or occurrence that formed the basis for the claim in that case.  *See* Fed. R. Civ. P. 15(c)(1)(B).  If the complaint here does relate back, he argues, then the statute of limitations is no bar.  The Court will address each of these arguments in turn.

      II.    <u>Governing Legal Standards</u>

    A. Statute of Limitations[3]

For this federal civil rights action brought under § 1983, the Court must first determine which statute of limitations to apply, and then determine when it accrued.  "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state."  *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001).  "In Texas, the general statute of limitations for personal injury actions is two years."  *Shelby v. City of El Paso, Tex.*, 577 F. App'x. 327, 331 (5th Cir. 2014) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)).  "Accordingly, for Defendant's statute-of-limitations argument to succeed, she must demonstrate that Plaintiff's cause of action accrued on or before December 20, 2014—that is, two years before he filed the instant lawsuit."  (Dkt. No. 26 at 3).

"Although state law governs the substantive limitation period, federal law determines when a civil rights action accrues and, therefore, when the statute of limitations begins to run."  *Perez v. Laredo Junior College*, 706 F.2d 731, 733 (5th Cir. 1983).  The cause of action "accrues . . . when the plaintiff can file suit and obtain relief."  *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec.*, 137 S.Ct. 2042, 2049 (2017).  In the Fifth Circuit, a claim under Section 1983 "accrues and the statute of limitations begins to run when the 'plaintiff knows or has reason to know of the injury

---

[3] The legal standards governing the statute-of-limitations argument are set forth here largely as they were in the Court's prior Order.  *See* (Dkt. No. 26 at 2-3).

which is the basis of the action.'" *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983) (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

Because Defendant White's motion to dismiss is accompanied by substantial supplementary information, it is converted into, and treated as, a motion for summary judgment. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Summary judgment is appropriate where the undisputed facts demonstrate that a claim is time-barred." *Babin v. Quality Energy Servs., Inc.*, 877 F.3d 621, 624 (5th Cir. 2017). The facts must be "viewed in the light most favorable to the nonmoving party," and the Court "must draw all reasonable inferences in favor of the nonmoving party and refrain from making credibility determinations or weighing the evidence." *Butts v. Martin*, 877 F.3d 571, 581-82 (5th Cir. 2017) (internal citations and quotation marks omitted); *accord* Wright & Kane, *Federal Practice and Procedure: Federal Practice Deskbook* § 105 ("[T]he party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists.").

B. Relation-Back Under Rule 15(c)

The purpose of Rule 15 is to allow the addition of certain claims or defenses once the Defendant is on notice that Plaintiff seeks redress for alleged harmful conduct. The plaintiff bears the burden of showing that the amended complaint relates back to the original complaint. *Tureaud v. Markel Int'l Ins. Co.,* No.10-1853, 2011 WL 13203007, at *3 (E.D. La. May 18, 2011). "Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that

arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." Charles A. Wright, *et al*, 6A Federal Practice and Procedure Civil § 1496 (3d ed.).

Filing a new lawsuit, however, is not the same thing as filing an amendment. *See U.S. ex rel. Koch v. Koch Industries, Inc.*, 188 F.R.D. 617, 621 (N.D. Okla. 1999) (holding that an amended complaint did not relate back to the date of the filing of a complaint filed in a separate suit). "A number of courts have held that Rule 15(c) by its express language only applies to pleadings in the same action as the original pleading, if timely filed, and does not relate to the original pleadings in a prior suit." *Ultraflo Corp v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013) (collecting cases). Thus, attempting to construe a new complaint as an amendment to an already-dismissed lawsuit would require the court to completely "[alter] the plain meaning of Rule 15(c)." *Id*. (quoting *U.S. ex rel. Koch*, 188 F.R.D. at 631-32). *See Carter v. Tex. Dep't of Health*, 119 F. App'x. 577, 581 (5th Cir. 2004) (holding that in order for the amendment to relate back to the original pleading, the original pleading may not be a pleading filed in a different case).

Rule 15(c) is "designed to ameliorate certain kinds of mistakes," such as "misnomer and misidentification." *Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017). *See, e.g.*, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010) (holding that applying Rule 15(c) was proper when Plaintiff mistakenly named Costa Cruise instead of Costa Crociere). "Failing to name the correct defendant due to a lack of knowledge of the proper party is not a mistake [for the purpose of Rule 15(c)] and will not allow a plaintiff to avail itself of the relation back doctrine." *Ultraflo Corp.*, 926 F.Supp.2d at 947. Where a plaintiff simply fails to bring suit against certain defendants, or fails to assert certain claims "until it [is] too late . . . the relation-back doctrine does not apply." *Quinn*, 863 F.3d at 363; *accord Brever v. Federated Equity Management Co. of*

*Pa.*, 233 F.R.D. 429, 435 (W.D. Pa. 2005) (holding that when a plaintiff "[sits] on [his] rights" by failing to file a lawsuit, "Rule 15(c) does not provide [him] with an avenue to 'perform an end-run around the statute of limitations that bars [his] claim" (quoting *Nelson v. County of Allegheny*, 60 F.3d 1010, 1015 (3rd Cir. 1995))).

III.    Analysis

The facts on the record before the Court demonstrate that White's statute-of-limitations argument succeeds, and Hernandez's relation-back argument fails.

At the center of this case is a *nunc pro tunc* order issued in response to a motion by Mr. Hernandez's own counsel in 2012.  (Dkt. No. 32 at 4; Dkt. No. 32-2 at 2).  Defendant argues that counsel almost certainly would have communicated this fact to Mr. Hernandez.  (Dkt. No. 32 at 4).  And regardless, Defendant's supplemental information now shows that Mr. Hernandez must have known of the *nunc pro tunc* order by October 10, 2014 at the latest, when the defendants in his prior lawsuit served him with their initial disclosures, including numerous documents from the Institutional Division and including a copy of the order itself.  (*Id.* at 4-5).

Plaintiff, in response, argues that his complaint in this new lawsuit (Dkt. No. 1) should operate as an amendment under Rule 15, and that it should relate back to the date of the filing of the original complaint in the 2014 case and thus escape the statute of limitations.  (Dkt. Nos. 28, 34).  This argument fails because the complaint in this instant case is not an amendment. The Court has no authority to deviate from the plain language of Rule 15(c) and treat a new complaint as an amendment to a prior lawsuit.  *See Ultraflo Corp.*, 925 F.Supp.2d at 947; *Carter*, 119 F. App'x. at 581 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)).  Characterizing a new lawsuit naming a different defendant as an "amendment" to a pleading such that Rule 15(c) applies is "fanciful at best."  *Tureaud*, 2011 WL 13203007 at *3.  When a complaint is not

contained in an amended pleading in the first lawsuit but is instead in a second, separate complaint, Rule 15(c) is inapplicable. *Carter,* 119 F. App'x. at 581(quoting *Bailey v. Northern Ind. Public Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990)).

Had Mr. Hernandez sought to amend his complaint in the prior lawsuit after discovering the identity of the correct defendant, he perhaps could have done so under Rule 15. But instead, he waited over two years before filing a new lawsuit against Ms. White. Furthermore, because in a summary judgment analysis we "draw all reasonable inferences in the non-movant's favor," we will assume that Mr. Hernandez had a copy of the *nunc pro tunc* order by October 10, 2014, at the latest, which itself listed the proper defendant to his claim. (Dkt. No. 32 at 4-5); *Star Fin. Servs., Inc. v. Cardtronics US, Inc.*, 882 F.3d 176 (5th Cir. 2018). Therefore, the statute of limitations would have expired on October 10, 2016, but Mr. Hernandez did not file his second complaint until December 21, 2016. (Dkt. No. 1). Rule 15(c) "is not designed to remedy a situation where the plaintiff disregards information within his possession that indicates the proper defendant to his claims." *Tureaud,* 2011 WL 13203007, at *3. For example, in *Tureaud*, the Court refused to apply Rule 15(c) where plaintiff failed to name correct insurance company listed on his insurance policy. *Id.*

Additionally, the Court has previously observed that his prior suit alleged a different cause of action than the instant one. *See* (Dkt. No. 26 at 1-2). The prior suit claimed that state prison officials had miscalculated his sentence, resulting in an alleged improper eleven-month extension of his incarceration; the present suit, by contrast, drops the miscalculation claim and instead alleges negligent failure to release him on the proper date, which was three days earlier than his actual release date. *Compare Guadalupe Hernandez v. the State of Tex. Bd. of Pardons and Parole Chairperson Rissie Owens*, Case No. 5:17-cv-00090 (S.D. Tex. filed June 30, 2014)

7

*with* Dkt. No. 1.  For this reason, too, the complaint in this case is not merely an amendment to the prior one.

Finally, the court notes that, putting aside Plaintiff's procedural deficiencies, a claim of this nature is unlikely to succeed on the merits.  The Fifth Circuit has held that "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983."  *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).  But Plaintiff brought a § 1983 claim rather than a habeas petition.  Under the *Parratt/Hudson* doctrine, § 1983 deprivation-of-liberty claims against public officials for negligent or intentional conduct may not proceed in federal court "unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct."  *Erickson v. Smith Cnty. , Tex.*, No. 6:07-CV-135, 2007 WL 2907823, at *1, *8 (E.D. Tex. Oct. 1, 2007).  *See also Martin v. Dallas Cnty., Tex.*, 822 F.2d 553 (5th Cir. 1987) (so holding); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984).

For these reasons, the Court is without power to afford Mr. Hernandez the relief he seeks here.  His complaint, therefore, is barred by the applicable statute of limitations, and the Court accordingly **RECOMMENDS** that White's motion for summary judgment be **GRANTED** and that this action be **DISMISSED**.

IV. Notice of Right to Object

Within 14 days of being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional

evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

SIGNED this 6th day of July, 2018.

DIANA SONG QUIROGA
United States Magistrate Judge